UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **ANDREA OVERTON,**<br><br>          Plaintiff,<br>v.<br><br>**CAPITAL ONE FINANCIAL CORP,**<br><br>          Defendant. | Civil Case No.: |

## INTRODUCTION

1. This action arises out of Defendant Capital One Financial Corp.'s ("Defendant") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Over approximately the past year, Defendant has placed dozens, if not hundreds, of calls to Plaintiff Andrea Overton's Cellular Telephone.

3. These calls were an apparent effort to collect a debt from a third-party with whom Plaintiff has no affiliation.

4. All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1).

5. Most or all of these calls were made using a prerecorded voice.

6. Furthermore, the calls continued after Plaintiff informed Defendant on multiple occasions that it had the wrong number.

7. Defendant's actions violate the TCPA, and Plaintiff is entitled to $500 to $1500 per call.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9. This Court has personal jurisdiction over Defendant because Defendant is headquartered in this District and Defendant conducts significant amounts of business within this District.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business within this District and because Defendant is headquartered in this District.

## PARTIES

11. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Dallas, Texas.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

13. Defendant Capital One Financial Corp. is, and at all times mentioned herein was, a corporation headquartered at 1680 Capital One Drive, McLean, VA 22102..

14. Defendant Capital One Financial Corp. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTS

15. Defendant has placed dozens of telephone calls to Plaintiff's cellular telephone number 469-###-6139.

16. These calls originated from Defendant's telephone number 800-955-6600, among others.

17. These calls were all in an effort to collect a debt from a third-party with whom Plaintiff has no affiliation.

18. All of these calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. This is evidenced by the fact that on each of these calls, when Plaintiff answered, she was greeted by a period of silence, typically followed by an audible click before Defendant's system would begin to play a prerecorded voice. This behavior is indicative of an automatic telephone dialing system.

20. Furthermore, Plaintiff answered several of the calls, and, on most occasions, was greeted by a prerecorded voice.

21. Plaintiff knew that this voice was a prerecorded voice because of the unnatural sound and intonations of the voice given the context, the inability to interrupt the voice verbally or to get a verbal response, the similarity of the message each time Plaintiff answered, and her general experience with what normal human interactions sound like.

22. Plaintiff never gave Defendant her prior express consent to make such calls to her cellular telephone.

23. In addition, Plaintiff informed Defendant on multiple occasions that it had the wrong number.

24. Nonetheless, the calls continued.

25. Defendant's actions were willful because Defendant made the calls of its own volition.

26. Defendant's actions were knowing because Defendant knew it was calling a cellular telephone (because, on information and belief, it was calling a number identified in its records as a cellular telephone), knew it was using an automatic telephone dialing system, and knew it did not have consent.

27. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to, device storage, data usage, plan usage, tying up her telephone line, with unsolicited calls, lost time tending to the unwanted telephone calls and responding to Defendant's unlawful conduct, and the invasion of her privacy by calls continuing after she informed Defendant that it had the wrong number.

28. These forms of actual injury are sufficient for Article III standing purposes.

29. Plaintiff is entitled to statutory damages, actual damages, and injunctive relief.

## FIRST CAUSE OF ACTION
## Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

30. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31. Defendant placed repeated calls to Plaintiff on her cellular telephone number.

32. As alleged, these calls all used an "automatic telephone dialing system."

33. As alleged, these calls all used a prerecorded and/or artificial voice.

34. Plaintiff did not provide Defendant with prior express consent to call her cellular telephone.

35. Defendant continued to call Plaintiff after Plaintiff informed Defendant that it had the wrong number.

36. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

37.     Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

38.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Andrea Overton prays for the following relief:

A.     An order declaring that Defendant's actions violate the aforementioned laws and statutes;

B.     An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C.     An award statutory damages;

D.     An award of treble damages;

E.     An award of actual damages;

F.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,
**ANDREA OVERTON**

By: /s/ *Kristi C. Kelly*
Kristi Cahoon Kelly, VSB#72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Telephone: 703-424-7570
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

Jeremy M. Glapion (*pro hac vice* forthcoming)
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com
*Counsel for Plaintiff*